# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| GULAM ROB ANU | CIVIL ACTION NO. 26-0288 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, et al. | MAGISTRATE JUDGE AYO |

## <u>ORDER</u>

The Petitioner, Gulam Rob Anu, simultaneously filed a petition for a writ of habeas corpus, R. Doc. 4, and a motion for a temporary restraining order and preliminary injunction, R. Doc. 5. The habeas petition, R. Doc. 4, is **REFERRED** to the Magistrate Judge for consideration and disposition. Furthermore, because the preliminary relief sought, release or a bond hearing, mirrors the ultimate relief sought in the habeas petition, the motion for a temporary restraining order and preliminary injunction is **DENIED**.

The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes. *See Rodriguez v. Lyons*, No. CV 25-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 27, 2018) (explaining that a TRO is not purposed "to give a plaintiff the ultimate relief he seeks"); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks.").

The Petitioner's demand for a bond hearing is unavailing because the United States Court of Appeals for the Fifth Circuit has held that illegal aliens are not entitled to such a hearing, even if they have resided in the United States for years. *Victor Buenrostro-Mendez v. Pamela Bondi, et al.*, 166 F.4th 494 (5th Cir. Feb. 6, 2026).

Finally, Petitioner requests an order prohibiting his transfer to another facility in the United States. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

**DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of March, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE