**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**GULAM ROB ANU**                                         **CIVIL ACTION NO. 6:26-CV-00288**

**VERSUS**                                                **JUDGE ALEXANDER C. VAN HOOK**

**BRIAN ACUNA, ET AL**                                    **MAGISTRATE JUDGE DAVID J. AYO**

<u>**MEMORANDUM ORDER**</u>

Before the court is a PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Gulam Rob Anu. Anu is currently being held at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. He has filed a motion captioned PETITIONER'S MOTION TO EXPEDITED [SIC] AND TO SET BRIEFING SCHEDULE. [Doc. 7].

A review of his petition and attachments suggests that Anu's claims should survive this court's initial review. The Court has the authority to consider the Petition on an expedited basis, pursuant to 28 U.S.C. § 2243, which provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar*

*v. Warden Pine Prairie Corr. Ctr.*, 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that PETITIONER'S MOTION TO EXPEDITED [SIC] AND TO SET BRIEFING SCHEDULE [Doc. 7] is GRANTED.

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition [Doc. 1] and a copy of this order by certified mail on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE)-Office of General Counsel and by regular mail on the Warden of the Pine Prairie ICE Processing Center at Pine Prairie, Louisiana.

The Respondent is **ORDERED** to respond within **twenty-one (21)** days of service. Respondents shall file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

**IT IS FURTHER ORDERED** that Petitioner is allowed seven (7) days following the filing of the respondent's answer in which he may file any response to produce contradictory summary judgment evidence on the issue of the lawfulness of her detention.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W. Va. 1997).

**After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.**

Petitioner's failure to comply with this order or to notify the court of any change in his address will result in a recommendation that his petition be dismissed without prejudice under Local Rule 41.3.

THUS DONE AND SIGNED in chambers this 1st day of May, 2026.

David J. Ayo
United States Magistrate Judge