**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GULAM ROB ANU #A246-239-355** | **CASE NO. 6:26-CV-00288 SEC P** |
| **VERSUS** | **JUDGE VAN HOOK** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING**

Before this Court is a REQUEST FOR DISCOVERY ORDER [Doc. 17] filed by Petitioner Gulam Rob Anu. Respondents filed an opposition. [Doc. 18]. For the following reasons, the motion is DENIED.

## I. BACKGROUND

On February 18, 2026, Petitioner, a native and citizen of Bangladesh, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while in the custody of U.S. Immigration and Customs Enforcement ("ICE") at Pine Prairie Correctional Facility in Pine Prairie, Louisiana. [Doc. 1]. The Petition challenges his detention, arguing that he is entitled to a bond hearing under 8 U.S.C. § 1226 and Fifth Amendment due process rights.

Respondents' Return and supporting documentation, including key portions of Petitioner's immigration and detention records have been filed with Respondents' response to the Petition. [Doc. 13].

Petitioner now seeks discovery of his complete A-File through the instant motion/request. [Doc. 17]. Respondents oppose this request, arguing that Petitioner's request fails to identify any specific document or category of documents that is missing from the existing record or essential to adjudication of the claims. [Doc. 18]. The motion is now ripe for review.

## II. LAW AND ANALYSIS

Rule 6 of the Rules Governing Section 2254 Cases, applied here under Rule 1(b), permits habeas discovery only "for good cause," and requires the movant to "provide reasons for the request" and specify the documents sought. Rules Governing § 2254 Cases R. 1(b), 6(a)–(b). A habeas petitioner "is not entitled to discovery as a matter of ordinary course"; the district court's discretion controls the scope of any discovery it authorizes. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997). Ordinary civil discovery rules do not automatically apply in habeas cases; a court must narrowly fashion any discovery to develop facts needed to resolve a properly supported claim. *See, e.g.*, *Monko v. Senkowski*, 2009 WL 10441652, at *2 (E.D.N.Y. July 6, 2009), *aff'd as modified,* 2015 WL 5076902 (E.D.N.Y. Aug. 27, 2015).

A movant must state specific, non-conclusory allegations establishing a prima facie claim before discovery is warranted, and courts have repeatedly held that "Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814–16 (5th Cir. 2000); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). These constraints govern § 2241 proceedings equally, since Rule 1(b) imports the § 2254 discovery standard, and the Court's § 2241 immigration-habeas framework contemplates prompt, paper-record adjudication rather than open-ended discovery. Rules Governing § 2254 Cases R. 1(b); Standing Order 1.74.

Petitioner's motion does not satisfy this standard. Petitioner seeks the "full A-File" and "any other documentation" Respondents might rely on (to be produced with Respondents' answer). The motion does not, however, identify any discrete factual dispute, specific document, or other reason to believe discovery at this level of generality will be probative of the question of unlawful detention.

While not unreasonable, the motion does not supply the case-specific good-cause showing that Rule 6 demands. *Bracy*, 520 U.S. at 908-09; *Harris*, 394 U.S. at 300. Seeking

the "full A-file" plus an open-ended category of "any other documentation" *as part of the discovery process* mirrors ordinary civil discovery, which habeas practice does not permit as of right. *Bracy*, 520 U.S. at 904.

The Court recognizes that some courts have permitted A-file discovery in other immigration-habeas cases, but those cases involved concrete, already-framed factual disputes and carefully limited scope, unlike here. *See Hassoun v. Searls,* 467 F. Supp. 3d 111, 128 (W.D.N.Y. 2020) (compelling specific A-file materials after prior discovery orders and a developed record). No comparable factual predicate exists on this record.

However, two caveats must be noted. First, this ruling does not shield Respondents from the burden of production or from scrutiny of all factual assertions and evidence submitted. Rule 5, applied via Rule 1(b), already requires Respondents to attach to their answer the record portions they consider relevant. Rules Governing § 2254 Cases R. 1(b), 5(c). Consistent with that framework, if Respondents rely in any response or brief on A-file materials or related records—including, but not limited to, ERO correspondence, consular communications, or removal-effort documentation—they must file those specific portions as exhibits, subject to any appropriate motion to seal. The Court will, where warranted, reject any factual assertion by Respondents that lacks evidentiary support and will closely scrutinize whatever evidence Respondents do submit in opposition to the petition. But the Court need not employ habeas "discovery" as the vehicle for ensuring that scrutiny. This requirement preserves an adequate record without involving routine, preemptive A-file production. *Harris*, 394 U.S. at 295–300; *Bracy*, 520 U.S. at 904, 909.

Second, this ruling does not foreclose a narrower motion if a concrete dispute later emerges from Respondents' filings or otherwise, provided Petitioner identifies specific documents and explains their materiality. *Bracy*, 520 U.S. at 908-09; *Murphy*, 205 F.3d at 815.

On the present showing, however, Petitioner has not established good cause for the requested discovery. For that reason, the REQUEST FOR DISCOVERY ORDER [Doc. 17] filed by Petitioner Gulam Rob Anu is DENIED.

**THUS DONE AND SIGNED** in chambers this 17th day of August, 2026.

David J. Ayo
United States Magistrate Judge